# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00062-MR

| | | |
|---|---|---|
| MATTHEW R. BUDNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FNU HONEYCUTT, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se

Amended Complaint [Doc. 16]. The Plaintiff is proceeding in forma pauperis.

[Doc. 8].

## I.    BACKGROUND

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. §

1983 addressing incidents that allegedly occurred at the Avery-Mitchell

Correctional Institution ("Avery-Mitchell").[1]   On August 3, 2021, the Court

conducted an initial review of the Complaint.  [Doc. 13].  Specifically, the

Court allowed the Plaintiff proceed with retaliation claims against Defendants

Colvin and Dellinger.  [Id. at 20].  The Court dismissed the claims asserted

---

[1] Plaintiff is presently incarcerated at the Sampson Correctional Institution.

against the remaining Defendants in their individual capacities without prejudice, and dismissed the claims against the Defendants in their official capacities with prejudice.  [Id.].  The Court noted that certain claims appeared to be unexhausted and/or barred by Heck v. Humphrey, 512 U.S. 477 (1994). [Id.].  The Plaintiff was given the opportunity to amend his Complaint in order to address the deficiencies identified in the Court's Order.  [Id.].

The Amended Complaint [Doc. 16] is now before the Court for initial review.  The Plaintiff again asserts claims against Defendants Honeycutt, Watson, Colvin, Clawson, Dellinger, Stockton, and Hartzog.  He adds as a Defendant the North Carolina Department of Adult Corrections (NCDAC). He asserts violations of the "8th, 1st, 11th,[2] 14th" Amendments.  [Doc. 16-1 at 4-5].  Specifically, he continues to assert claims of retaliation, inhumane conditions of confinement, deliberate indifference to a serious medical or mental health need, and the denial of due process in relation to prison disciplinary proceedings.  He also attempts to state new claims under § 1983 for the deprivation of property without due process, the denial of access to the courts, and the use of excessive force; and under North Carolina law for gross negligence, the negligent and intentional infliction of emotional

---

[2] The Eleventh Amendment, which addresses sovereign immunity, does not provide any basis for a § 1983 claim.

distress, and assault and battery. [Doc. 16 at 2; Doc. 16-1 at 9, 21, 49, 54-55, 67-68, 72, 74-75]. The Plaintiff asserts that he exhausted, or attempted to exhaust, his administrative remedies as to his claims. [Doc. 16 at 8]. As injury, the Plaintiff claims that he contracted COVID-19, "a potentially deadly viris [sic]" which resulted in "permanent loss of taste, smell, hair." [Doc. 16 at 6]. He further claims that his "constant fear of death from Covid-19 due to staff's illegal activity and fear from retaliation from both staff and inmates for reporting illegal activity caused two panic attacks which resulted in hospitalization…." [Doc. 16-1 at 21]. He appears to seek compensatory and punitive damages, and injunctive relief.[3] [Id. at 72-75].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against

---

[3] Some of the relief that the Plaintiff seeks, including the criminal prosecution and termination of certain NCDPS employees, is beyond the purview of a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (when a state prisoner seeks immediate release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus). Moreover, the claims for injunctive relief are moot insofar as the Plaintiff no longer resides at Avery-Mitchell and the incidents of which he complains are unlikely to recur. See generally Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (prisoner's release from the maximum security unit mooted his challenge to that unit's policy).

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Amended Complaint comprises 100 pages of allegations and attachments. The claims have been liberally construed, reorganized, and restated. Vague allegations and those that the Court cannot clearly attribute

4

to any Defendant(s) will not be separately discussed.  [See, e.g., Doc. 16 at 6 ("I was exposed to COVID-19 … due to staff's illegal activity and fear from retaliation from both staff and inmates…."); Doc. 16-1 at 2 ("Employees of the DAC were furious that I reported their 'dip' use and retaliated by spraying mace, chemicals and urine on their discarded 'dip' in an attempt to poison inmates….")].  Further, allegations from which the Court is unable to glean any arguable claim such as "reckless misconduct" [Doc. 16-1 at 2, 67] and "falsifying state documents" [id. at 72], will not be addressed separately.  Any argument or claim not specifically addressed in this Order has been considered and rejected.

### A.     NCDAC

The Plaintiff purports to name as a Defendant the NCDAC.  The claims against NCDAC cannot proceed because NCDAC is not a "person" for purposes of § 1983.  See Fox v. Harwood, No. 1:09-cv-160-MU-02, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009).  Further, as previously discussed in the Order on initial review of the Complaint, such claims are barred by sovereign immunity.  [See Doc. 13 at 6].

### B.     Policy Violations

The Plaintiff again complains that prison staff violated NCDPS policy and state law by, *e.g.*, using "dip" tobacco in the prison facility, failing to

5

process his grievances, and failing to follow prison disciplinary procedures. [Doc. 16-1 at 1-2, 13-18, 20, 28]. These claims are dismissed for the reasons stated in the Order on initial review of the Complaint. [Doc. 13 at 6-7].

### C.    Conditions of Confinement

The Plaintiff alleges that use of "dip" tobacco by Defendant Dellinger and other staff in the prison exposed him to unconstitutional conditions of confinement; that Defendants Honeycutt, Watson, Colvin, and Hartzog failed to remedy the issue; and that the Plaintiff consequently contracted COVID-19. [Doc. 16 at 13; Doc. 16-1 at 1, 20-21, 39-40, 49-50, 67, 69]. For the reasons stated in the Order on initial review of the Complaint, this claim is self-defeating and too speculative to state an Eighth Amendment violation. [Doc. 13 at 7-10; see Doc. 16-1 at 16-17, 23, 32, 67 (referring to used dip pouches that the Plaintiff collected as evidence of staff misconduct)]. Accordingly these claims are dismissed as frivolous and for failure to state a claim upon which relief can be granted.

### D.    Deliberate Indifference to a Serious Medical Need

The Plaintiff alleges that Defendant Hartzog, a mental health provider, was deliberately indifferent to a serious medical need by failing to provide him with basic healthcare and mental health services. [Doc. 16-1 at 49-50]. These vague allegations fail to state a claim for deliberate indifference to a

serious medical or mental health need for the reasons set forth in the Order on initial review of the Complaint. [See Doc. 13 at 10-11]. Further, to the extent that the Plaintiff merely reiterates his allegations about the allegedly inhumane conditions of confinement, this claim is dismissed for the reasons discussed in Section C, *supra*. Accordingly, the Plaintiff's claim for deliberate indifference to a serious medical or mental health need is dismissed.

### E.    Retaliation

The Plaintiff reiterates his retaliation claims against Defendants Colvin and Dellinger, and they pass initial review for the reasons previously stated. [Doc. 16-1 at 67-69; see Doc. 13 at 15-16]. To the extent that the Plaintiff again makes vague and conclusory allegations of retaliation that are not clearly attributed to any Defendant(s), they are dismissed for the reasons previously stated. [See Doc. 16 at 6, 8; Doc. 16-1 at 2, 9; Doc. 13 at 15 n.3].

The Plaintiff makes new retaliation claims against Defendants Clawson and Stockton for, *inter alia*, using excessive force in response to the Plaintiff's complaints about staff. [Doc. 16-1 at 54-55, 74]. These claims are sufficient to pass initial review. The Plaintiff also attempts to state a new retaliation claim against Defendant Honeycutt. Specifically, he alleges that Honeycutt charge him with a B-24 infraction for disrespect in retaliation for the Plaintiff's "accurate cartoon drawing of [Honeycutt's] complete failure to administrate."

7

[Doc. 16-1 at 20-21]. This claim is self-defeating because the Plaintiff admits the conduct for which he received the disciplinary charge. [Id.]. Thus, he has not plausibly alleged that the disciplinary charge was causally related to any protected activity. See Martin v. Duffy, 977 F.3d 294, 299-300 (4th Cir. 2020) (discussing the same-decision test).

Accordingly, the Plaintiff's retaliation claims have passed initial review against Defendants Covin, Dellinger, Clawson, and Stockton, and the remaining retaliation claims are dismissed.

## F.    Property Deprivations

The Plaintiff claims that Defendant Clawson damaged his glasses and stole his personal property. [Doc. 16-1 at 9, 54].

The Fourteenth Amendment's Due Process Clause provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend XIV. The first inquiry in any due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty that was accomplished by state action. Tigrett v. The Rector and Visitors of the Univ. of Va., 290 F.3d 620, 628 (4th Cir. 2002); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988). Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-

8

deprivation process, so long as the State provides an adequate post-deprivation remedy. Parratt v. Taylor, 451 U.S. 527 (1981), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Hudson v. Palmer, 468 U.S. 517 (1984); see Gallimore v. Sink, 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975) (under North Carolina law, an action for conversion will lie against a public official who wrongfully deprives an owner of his property by an unauthorized act); Wilkins v. Whitaker, 714 F.2d 4, 6 (4ᵗʰ Cir. 1983) (due process satisfied where North Carolina tort law provides an adequate avenue for relief for state prisoner). The Parratt-Hudson doctrine does not apply, however, to deprivations that are a "result of some established state procedure." Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982).

The Plaintiff appears to allege that Defendant Clawson's actions were contrary to prison policy. [See Doc. 16-1 at 9, 54]. The Plaintiff thus has an adequate post-deprivation remedy for these incidents. Accordingly, pursuant to the Parratt-Hudson doctrine, this claim is dismissed.

### G. Excessive Force

The Plaintiff alleges that Defendant Clawson shoved him from behind while he was restrained, causing his face to hit a wall; and that Defendant Stockton pinned the Plaintiff's neck to a wall with his forearm, cutting off his

airflow.  [Doc. 16-1 at 2, 6, 54-55].  The Plaintiff also appears to claim that Defendant Honeycutt is liable as a supervisor for "leaving [him] in harm's way to be assaulted by staff" after the Plaintiff repeatedly expressed fear for his safety.  [Id. at 21].

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component – that the harm inflicted was sufficiently serious – and a subjective component – that the prison official acted with a sufficiently culpable state of mind.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm."  Whitley, 475 U.S. at 320-21.  A supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the

10

alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, he has minimally stated a claim for the use of excessive force against Defendants Clawson and Stockton. However, the allegations against Defendant Honeycutt are too vague and conclusory to state a plausible claim for supervisory liability. Accordingly, the excessive force claim will be allowed to proceed against Defendants Clawson and Stockton have passed initial review, but the supervisory claim against Defendant Honeycutt is dismissed.

## H. Access to the Courts

The Plaintiff contends that he is being denied access to the courts because "NCDAC … does not grant inmates law library access making it almost impossible to file any claim in court without Prisoner Legal Services help." [Doc. 16-1 at 2].

The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-FL, 2005 WL

11

3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4ᵗʰ Cir. 2005) (unpublished) (citation omitted).  The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis v. Casey, 518 U.S. 343, 356-57 (1996).  Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  See id.  A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim."  Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9ᵗʰ Cir. 2008) (quoting Casey, 518 U.S. at 353).

Here, the Plaintiff fails to allege any actual injury whatsoever, and accordingly, he has failed to state a claim upon which relief can be granted.  The Plaintiff's claim that he was denied access to the courts is therefore dismissed.

## G.    Disciplinary Proceedings

The Plaintiff generally claims that he was denied due process with regards to prison disciplinary proceedings.  [Doc. 16-1 at 2].  In the Order on initial review of the Complaint, the Court noted that the claims pertaining to prison discipline appeared to be barred by Heck v. Humphrey, 512 U.S. 477

12

(1994). [Doc. 13 at 18-19]. The Plaintiff has failed to explain why the prison disciplinary claims in the Amended Complaint are not barred by Heck. Moreover, the allegations are too vague and conclusory to state a claim against any Defendant. Accordingly, the Plaintiff's claims pertaining to the prison disciplinary proceedings are dismissed.

## H. Supplemental Jurisdiction

The Plaintiff appears to assert claims under North Carolina law for gross negligence, the negligent infliction of emotional distress, the intentional infliction of emotional distress, and assault and battery.

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also

13

dismiss the related state claims if there is a good reason to decline jurisdiction.  See 28 U.S.C. § 1367(c)(1), (2), and (4).  And without a § 1983 claim, the Court will not exercise supplemental jurisdiction over an alleged violation of North Carolina law.  See Artis, 138 S.Ct. at 595 (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); see 28 U.S.C. § 1367(c)(3).

The Plaintiff appears to assert claims for assault and battery against Defendants Clawson and Stockton.  [Doc. 16-1 at 2, 54-55, 74].  North Carolina assault is an offer to show violence to another without striking him, and battery is the carrying of the threat into effect by the infliction of a blow. See generally Dickens v. Puryear, 302 N.C. 437, 445, 276 S.E.2d 325, 330 (1981).  While a civil action for assault is available under North Carolina law against one who uses force for the accomplishment of a legitimate purpose such as justifiable arrest, the use of such force under the given circumstances must be excessive for the claimant to prevail.  Myrick v. Cooley, 91 N.C.App. 209, 215, 371 S.E.2d 492, 496 (1988).  "The question of '[w]hether an officer has used excessive force is judged by a standard of objective reasonableness.'"  Jordan v. Civil Service Bd., 153 N.C.App. 691, 698, 570 S.E.2d 912, 918 (2002) (quoting Clem v. Corbeau, 284 F.3d 543,

14

550 (4th Cir. 2002)).  The Plaintiff's § 1983 excessive force claims have passed initial review against Defendants Clawson and Stockton, and his assault and battery claims are based on the same incidents.  The Court will, therefore, exercise supplemental jurisdiction over the Plaintiff's claims for assault and battery against Defendants Clawson and Stockton at this time.

The Plaintiff additionally appears to assert claims: for gross negligence against Defendant Dellinger and other unnamed prison staff with regards to the use and disposal of "dip" tobacco [Doc. 16-1 at 2, 67, 75]; for the negligent infliction of emotional distress against Defendant Honeycutt for "leaving [him] in harm's way to be assaulted by staff" after the Plaintiff "expressed fear for [his] safety…."  [id. at 21, 72]; and for the intentional infliction of emotional distress against Defendant Dellinger for using "dip" in the prison, against the "[e]mployees of DAC" who sprayed their used "dip" with mace, chemicals, and urine, and against NCDAC for the Plaintiff's COVID-19 infection and panic attacks [Doc. 16-1 at 2, 72, 75].  No related federal claims have passed initial review, and accordingly, the Court declines to exercise supplemental jurisdiction over them at this time.  See 28 U.S.C. § 1367(a), (c).

15

## IV.   CONCLUSION

In sum, the Amended Complaint has passed initial review against Defendants Colvin, Dellinger, Clawson and Stockton for retaliation, and against Defendants Clawson and Stockton for the use of excessive force. The claims against NCDAC are dismissed with prejudice and the remaining claims are dismissed without prejudice.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Colvin, Dellinger, Clawson, and Stockton, who are alleged to be current or former employees of NCDPS.

## ORDER

 **IT IS, THEREFORE, ORDERED** that:

(1)    The Amended Complaint [Doc. 16] has passed initial review against Defendants Colvin, Dellinger, Clawson and Stockton for retaliation, and against Defendants Clawson and Stockton for the use of excessive force.

(2)    The Plaintiff's claims against NCDAC are **DISMISSED WITH PREJUDICE**.

16

(3)    The Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

(4)    The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Colvin, Dellinger, Clawson, and Stockton, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED**.

Signed: March 9, 2022

Martin Reidinger
Chief United States District Judge