IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00062-MR

| | |
|---|---|
| MATTHEM R. BUDNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU HONEYCUTT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "New Evidence and Information to Prove Deliberate Indifference to a Serious Medical Need" [Doc. 22], "Emergency Injunction to Receive Outside Medical Evaluation and Treatment" [Doc. 23], and Motion for Counsel [Doc. 24].

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Avery-Mitchell Correctional Institution. The Complaint passed initial review against several Defendants, and the Plaintiff was given the opportunity to amend. [See Doc. 13]. The Plaintiff then filed an Amended Complaint, which passed initial review as to four NCDPS employees. [Docs. 16, 18]. Service is underway. [See Docs. 26, 27].

In the instant "New Evidence and Information…" the Plaintiff seeks leave to amend his Complaint based on "new information" that he obtained in February 2022. [Doc. 22 at 1]. The Court construes this filing as a Motion to Amend. The Plaintiff has attached a Second Amended Complaint[1] that is not on a § 1983 form, contains no caption or list of Defendants, and fails to request any relief. [Doc. 22-1].

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Plaintiff seeks to add allegations about the allegedly deficient care he received for a syphilis infection from Avery-Mitchell's "medical staff," which Warden Honeycutt and Assistant Unit Manager Browning failed to correct. [Doc. 22-1 at 1-2]. While the Plaintiff alleges that he ultimately received care, he disagreed with the diagnosis and care that he received. [Id.]. He further alleges that he was retaliated against for having complained about this issue. [Id. at 3]. The Plaintiff also refers to incidents that allegedly

---

[1] Titled "Complaint." [Doc. 22-1 at 1].

2

occurred at the Alexander, Bertie, Sampson, and Piedmont Correctional Institutions with regard to his medical care. [Id. at 1-4].

The Motion to Amend will be denied because the proposed Second Amended Complaint appears to be an attempt to amend the Complaint piecemeal, which will not be permitted. Further, the Second Amended Complaint fails to comply with the most basic pleading requirements by failing to name any Defendant in the caption, clearly set forth the allegations he is attempting to assert against each Defendant, or seek any relief. It is also unclear, at this juncture, whether claims regarding incidents that allegedly occurred at prisons other than Avery-Mitchell would be properly raised in the instant lawsuit. See generally Fed. R. Civ. P. 18, 20. However, this denial is without prejudice for the Plaintiff to amend his Complaint within thirty (30) days of this Order. The Plaintiff must submit his Third Amended Complaint on a § 1983 form, clearly identify the Defendants against whom he intends to proceed, and set forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). Any Third Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. If the Plaintiff fails to timely amend his Complaint in accordance with this Order, the Court will proceed on his Amended Complaint [Doc. 16].

Next, the Plaintiff seeks emergency injunctive relief. [Doc. 23]. He asks the Court to require NCDPS to take him to an "outside Medical Doctor of his choice for Treatment and evaluation" for his untreated syphilis infection, an eye examination, and prescription glasses, and for any other relief that the Court deems appropriate. [Id. at 1-2].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20.

The Plaintiff's complaints about the healthcare that he is receiving in prison, and requests for the care that he would prefer, fail to establish any of the elements that would warrant preliminary injunctive relief. The Plaintiff's Motion for preliminary injunctive relief is, therefore, denied without prejudice.

Also pending is the Plaintiff's Motion for Counsel. [Doc. 24]. The Plaintiff argues that he is receiving inadequate medical care that is impacting his ability to litigate this case, including "[l]ong term symptoms of syphilis include blindness and dimentia [sic]…;" that he lacks access to a law library or legal assistance; that he is experiencing retaliation by prison staff when he attempts to litigate his case; that he is unable to access his medical records; that the issues in the case are complex and require investigation into institutions where the Plaintiff no longer resides; and that the Plaintiff fears for his safety and is afraid to litigate the case on his own. [Id.].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). This Motion is moot insofar as the Court has provided the Plaintiff the opportunity to request the appointment of North Carolina Prisoner Legal Services (NCPLS) to assist

5

him with discovery, which he has done. [Docs. 13, 15]. The Court will appoint NCPLS when it issues its Pretrial Order and Case Management Plan. Moreover, even if NCPLS were not being appointed, the Plaintiff has been able to represent himself adequately in this action thus far, and he has failed to demonstrate the existence of extraordinary circumstances that would warrant the appointment of counsel. Therefore, this Motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "New Evidence and Information to Prove Deliberate Indifference to a Serious Medical Need" [Doc. 22] is construed as a Motion to Amend and is **DENIED WITHOUT PREJUDICE**.

2. The Plaintiff may file a Third Amended Complaint within **thirty (30) days** in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will proceed on the Amended Complaint [Doc. 16].

3. The Plaintiff's "Emergency Injunction to Receive Outside Medical Evaluation and Treatment" [Doc. 23] and Motion for Counsel [Doc. 24] are **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

Signed: May 11, 2022

*[Signature]*

Martin Reidinger
Chief United States District Judge