IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00062-MR

| | | |
|---|---|---|
| **MATTHEW R. BUDNEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **FNU HONEYCUTT, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Third Amended Complaint [Doc. 37]. Also pending are the Plaintiff's Motions for Temporary Restraining Order [Docs. 32, 36], Motion for the Appointment of Counsel[1] [Doc. 33], and Motion for Default Judgment [Doc. 38]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

**I.  BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Avery-Mitchell

---

[1] This motion is titled as a "Motion for Continuance, Stay, Representation, or Alternative the Court Deems Appropriate in the Interest of Justice," but the Court construes it as a motion seeking the appointment of counsel.

Correctional Institution ("Avery-Mitchell").[2] The Amended Complaint passed initial review against Defendants Colvin, Dellinger, Clawson, and Stockton for retaliation, and against Defendants Clawson and Stockton for the use of excessive force. [Doc. 18]. The Plaintiff subsequently filed a proposed Second Amended Complaint [Doc. 22-1], which was dismissed, and the Plaintiff was given 21 days within which to file a superseding Third Amended Complaint. [Doc. 28 at 3]. The Third Amended Complaint is now before the Court for initial review. [Doc. 37].

In the Third Amended Complaint, the Plaintiff addresses incidents that allegedly occurred at the Avery-Mitchell, Alexander, Bertie, Piedmont, Sampson, and Pender Correctional Institutions. [Doc. 22-1;[3] Doc. 37 at 4]. He claims violations of his First, Fourth, Eighth, and Fourteenth Amendment rights. [Doc. 37 at 3]. He names the following as Defendants: John Doe, the director of NCDPS; John Doe, the commissioner of NCDPS; John Doe, the secretary of NCDPS; John/Jane Doe inmate grievance examiners for NCPDS; Randy S. Mull, a disciplinary hearing officer; John Doe, the

---

[2] The Plaintiff's present address of record with the Court is at the Pender County Jail. He anticipates being transferred to the Spartanburg County Jail in Spartanburg, South Carolina, in the near future. [See Doc. 41].

[3] The Third Amended Complaint purports to be a continuation of the proposed Second Amended Complaint. [Doc. 37 at 15]. The proposed Second Amended Complaint [Doc. 22-1 at 1-4] will be considered for the sake of completeness.

assistant superintendent for custody and operations at Avery-Mitchell; Brian Watson, the special affairs captain at Avery-Mitchell; FNU Browning, an assistant unit manager at Avery-Mitchell; FNU Buchanan and John Doe, correctional officers for the restrictive housing unit at Avery-Mitchell; John Doe, the investigating officer for disciplinary proceedings at Avery-Mitchell; FNU Honeycutt, the warden at Avery-Mitchell; John Doe, a medical doctor at Avery-Mitchell; John Does, medical nurses at Avery-Mitchell; Robert Van Gorder, the superintendent warden of Sampson CI; FNU Long, an associate warden of Sampson CI; FNU Bostic, the head nurse for Sampson CI; John Doe, a grievance examiner for Sampson CI; John Doe, the warden of Pender CI; Bruce Nelson, a grievance examiner at Pender CI: Anna Lautzenheizer, a grievance coordinator at Pender CI; John Doe, a transportation officer at Pender CI; and FNU Davis, a nurse at Pender CI. [Doc. 37 at 20-23]. He seeks a declaratory judgment, damages, injunctive relief, a jury trial, and the appointment of counsel. [Id. at 3, 5, 14].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Third Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against

3

a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

#### A. Parties

The Plaintiff uses vague terms such as "medical," "officers," "administrators," "participants," "employees" and "staff," rather than

4

identifying the individuals involved in each allegation. [See, e.g., Doc. 37 at 15-17, 25]. Such claims are too vague and conclusory to proceed insofar as the Court is unable to determine the Defendants to whom these allegations refer. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Further, to the extent that these allegations refer to non-parties, they are nullities. See Fed. R. Civ. P. 10(a) (requiring defendants to be named in the caption); Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)). Therefore, these claims are dismissed without prejudice.

Although the Plaintiff's claims against Defendants Colvin, Clawson, Dellinger, Stockton, and Hartzog previously passed initial review, the Plaintiff has not named them as Defendants in the Third Amended Complaint. As Plaintiff was previously warned and instructed, he has thus waived the claims against them and these Defendants will be dismissed from this action without

5

prejudice. See generally Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001) (as a general rule, an amended pleading supersedes the original and renders it of no legal effect).

The Plaintiff addresses incidents that allegedly occurred at the Sampson and Pender CIs, and he names Sampson and Pender employees as Defendants. Sampson CI is located in Clinton, North Carolina in Sampson County and Pender CI is located in Burgaw, North Carolina, in Pender County. Sampson and Pender Counties are located in the Eastern District of North Carolina. The incidents allegedly occurred in the Eastern District of North Carolina, and the relevant Defendants are located outside of this District and are better asserted there. Accordingly, the Plaintiff's claims against Defendants Van Gorder, Long, Bostic, Nelson, Davis, and Lautzenheizer, the John Doe Sampson CI grievance examiner, the John Doe Pender CI warden, and the John Doe Pender CI transportation officer, as well as the claims against the DPS director, commissioner, and secretary, and inmate grievance examiners pertaining to incidents that allegedly occurred in the Eastern District are dismissed from this action without prejudice.[4]

---

[4] The Court makes no determinations about the potential merit or procedural viability of bringing an action or actions in the Eastern District.

## B. Deliberate Indifference to a Serious Medical Need

The Plaintiff claims that after being denied medical treatment for six months during the COVID-19 pandemic, he declared a medical emergency yet the Jane Doe nurse refused to provide any care, telling him that "you must have blood running down your leg to constitute a medical emergency." [Id. at 28]. He further claims that the John Doe doctor refused to perform follow-up blood testing for syphilis pursuant to CDC and state health department recommendations and, instead, ordered a stool sample, performed an "unnecessary rectal exam," and diagnosed and treated hemorrhoids although the Plaintiff does not have that condition. [Id. at 27-28].

As to the John Doe doctor, the Plaintiff has failed to claim anything other than disagreement with the care he provided and, at most, misdiagnosis or negligence, none of which supports a deliberate indifference claim. [See id.]; Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (mere negligence or malpractice does not violate the Eighth Amendment); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) ("mere [d]isagreements between an inmate and a physician over the inmate's proper medical care are not actionable absent exceptional circumstances") (internal quotations omitted). Moreover, the Plaintiff has failed to plausibly allege that the Jane

7

Doe nurse's rejection of his self-declared medical emergency was due to deliberate indifference to a serious medical need rather than unavailability of medical staff under the COVID-19 pandemic. [See Doc. 13 at 10-11].

Accordingly, the Plaintiff's claims of deliberate indifference to a serious medical need are dismissed without prejudice.

### C. Conditions of Confinement

The Plaintiff again claims that Defendant Honeycutt exposed him to inhumane conditions of confinement with regards to staff's use of dip tobacco. [Doc. 37 at 27]. This claim is dismissed for the reasons previously discussed in the Court's Orders on initial review of the Complaint and Amended Complaint. [See Doc. 13 at 7-10; Doc. 18 at 6].

### D. Retaliation

The Plaintiff claims that Defendant Mull "used the D.H.O. and his position to retaliate against Plaintiff for protected conduct, creating a chilling effect" [Doc. 37 at 26]; that Defendants Buchanan and the John Doe restrictive housing officer[5] forged a disciplinary rights refusal form "in

---

[5] In the Complaint, the Plaintiff claimed that Defendant Buchanan and Officer Phillips, both of whom he describes as "lockup" officers, lied about the Plaintiff having waived his rights. [Doc. 1 at 6, 24]. The Plaintiff's claim was construed as a challenge to a disciplinary conviction, and was dismissed on initial review. [Doc. 13 at 18-19]. It is unclear whether Officer Phillips is the John Doe restrictive housing officer to whom the present retaliation claim is directed, or whether the Plaintiff is attempting to name a different officer.

8

retaliation for reporting their illegal activity" and then "took Plaintiff out of cell in middle of the night while shackled to intimidate … reporting staff's illegal activity" [id. at 25-26]; that Defendant Honeycutt "retaliated against Plaintiff after reading an accurate cartoon drawing" depicting illegal staff activity [id. at 27]; and that the DPS Director, Commissioner, and Secretary transferred the Plaintiff six times in retaliation for exercising his constitutional rights at each institution [id. at 24].

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court finds that the Plaintiff has minimally stated a retaliation claim against Defendant Buchanan and the John Doe restrictive housing officer. However, the retaliation claim against Defendant Honeycutt is insufficient for the reasons discussed in the Order on initial review of the Amended Complaint. [See Doc. 18 at 7-8]. The Plaintiff's allegations against Defendants Mull and the DPS Director, Commissioner, and Secretary are too vague and conclusory to identify the protected conduct, the allegedly retaliatory act, or a causal relationship. [See generally Doc. 13 at 15-16 (setting forth the elements of a retaliation claim)]. Moreover, these claims cannot proceed to the extent that they are based on *respondeat superior.* See generally Monell v. New York City Dep't of Soc.

9

Case 1:21-cv-00062-MR   Document 42   Filed 09/06/22   Page 9 of 18

Servs., 436 U.S. 658 (1978) (Section 1983 liability cannot be based on *respondeat superior* alone).

Accordingly, the Plaintiff's retaliation claim has passed initial review against Defendant Buchanan and the John Doe restrictive housing officer. However, to the extent that the Plaintiff attempts to assert retaliation claims against Defendants Mull, Honeycutt, and the DPS Director, Commissioner, and Secretary, such claims are dismissed.

### E. Due Process

The Plaintiff claims that Defendant Buchanan and the John Doe restrictive housing officer failed to inform him of his rights ahead of a disciplinary hearing and falsified a rights waiver form [Doc. 37 at 26]; that Defendant Mull prevented the Plaintiff from requesting witnesses, reviewing evidence, and referring to notes at a disciplinary hearing [id. at 25-26]; and that the John Doe investigating officer failed to inform the Plaintiff of the charge or of his rights, and did not come to see the Plaintiff as noted on a "form" [id. at 26].

The Court previously dismissed these claims because they were unexhausted on the face of the Complaint and appeared to be barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. at 641 (1997). [See Doc. 13 at 17-19]. The Plaintiff has reasserted these

10

Case 1:21-cv-00062-MR    Document 42    Filed 09/06/22    Page 10 of 18

claims without addressing exhaustion or attempting to demonstrate that they are not barred. Accordingly, these claims are dismissed.

### F. Grievances

The Plaintiff claims that the Inmate Grievance Examiners deliberately denied or rejected the Plaintiff's grievances, or prevented the Plaintiff from being able to complete the final steps of the grievance process [Doc. 37 at 25]; that the entire grievance system is ineffective and unfair [id. at 24]; and that Defendant Honeycutt implemented and participated in the unfair and ineffective grievance process [id. at 27].

The Plaintiff's allegations that he was denied access to the grievance procedure, or that his grievances were improperly handled or denied, fail to state a § 1983 claim for the reasons previously discussed. [See Doc. 13 at 14-15; Doc. 18 at 5-6].

### G. Access to the Courts

The Plaintiff claims that he was denied access to the courts by way of the unfair grievance system and various Defendants' participation in that system as described in Section F, *supra.* [Doc. 37 at 24, 25, 27]. He also reiterates his claim that DPS is denying him access to the courts by failing to provide him with an adequate law library or assistance from Prisoner Legal Services (PLS). The Plaintiff claims that this denial of access delayed his

11

Case 1:21-cv-00062-MR   Document 42   Filed 09/06/22   Page 11 of 18

ability to file his state habeas petition, Case No. 1:22-cv-75-MR, for several years, which resulted in his false imprisonment and "prejudice…." [Doc. 37 at 24-25].

The Plaintiff's claim that he has been denied access to the courts because of the inadequate and unfair grievance system is dismissed because the Plaintiff has failed to allege any actual injury. [See Doc. 18 at 11-12].

With regard to the Plaintiff's claim regarding PLS and library access, he has likewise failed to adequately allege an actual injury. His reliance on Case No. 1:22-cv-75 is unavailing. Although he claims that his filing of the habeas petition was delayed, Case No. 1:22-cv-75 is still pending. Accordingly, the Plaintiff has failed to show that a nonfrivolous legal claim has been frustrated by any Defendant, and he has failed to state a claim for the denial of access to the courts.

### H. Supervisory Defendants

It appears that the Plaintiff is attempting to assert claims against several supervisory Defendants for creating and enforcing policies that resulted in the violation of various constitutional rights. The Plaintiff claims that DPS Director, Commissioner, and Secretary, Defendants Honeycutt, Watson, and Browning, and/or the John Doe Assistant Superintendent of

Custody: allowed staff to use dip tobacco at Avery-Mitchell, which contributed to inmate COVID-19 infections [Doc. 37 at 24, 27]; denied the Plaintiff any treatment for his serious medical needs for six months [id. at 24, 26]; made it difficult for the Plaintiff to complete the grievance procedure [id. 24]; failed to protect the Plaintiff's due process rights [id.]; and deprived the Plaintiff of adequate law library access or legal assistance from PLS [id. at 24-25].[6]

A state official can be sued in a § 1983 suit in three ways: in his personal capacity, his official capacity, or in a more limited way, his supervisory capacity. King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016). For personal liability, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In an official-capacity suit, however, "[m]ore is required:" the suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation," King, 825 F.3d at 223 (quoting Polk County v. Dodson, 454 U.S. 312, 326 (1981)); thus, the entity's "'policy or custom' must have played a part in the violation of federal law," id.

---

[6] The Plaintiff's allegations about the "pill policy" that requires inmates to control their own medication for communicable diseases, subjecting it to theft, appear to address incidents that occurred entirely outside of this District and, accordingly, they will not be discussed here. [See Doc. 37 at 17, 25]; Section A, *supra*.

13

(quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)). Meanwhile, a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

These claims fail as a matter of law because the Plaintiff has failed to state a claim for any of the underlying constitutional violations. See generally Hinkle v. City of Clarksburg, 81 F.3d 416, 420-21 (4th Cir. 1996) (official capacity claims fail as a matter of law where there is no underlying constitutional violation); Waybright v. Frederick Cnty., Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors … cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.") (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

Moreover, the Plaintiff's claims for damages against the Defendants in their official capacities are barred by sovereign immunity. See Will v. Dep't of State Police, 491 U.S. 58, 71 (1989); Ballenger v. Owens, 352 F.3d 842,

14

Case 1:21-cv-00062-MR   Document 42   Filed 09/06/22   Page 14 of 18

844-45 (4th Cir. 2003). And his claims for declaratory and injunctive relief are moot because the Plaintiff is no longer in NCDPS's custody. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). Accordingly, the Plaintiff's claims against the supervisory Defendants are dismissed.

## I. Pending Motions

The Court will address Plaintiff's pending Motions in turn.

The Plaintiff has filed two Motions for Temporary Restraining Order in which he complains about the pill dispensing policy and retaliation at Pender CI. [Docs. 32, 36]. The Court has already determined that claims regarding Pender CI are not properly before it. See Section A, *supra*. Moreover, the Plaintiff's claims for preliminary injunctive relief are moot because he is no longer in NCDPS's custody. See Incumaa, 507 F.3d at 286-87. Accordingly, the Motions are denied.

Next, the Plaintiff has filed a Motion for the Appointment of Counsel in which he reiterates many of the claims presented in his Third Amended Complaint; alleges that he has been "assaulted"; and refers to a dispute that

he had with the former director of PLS, Mary Pollard, that resulted in a bar complaint. [Doc. 33 at 1-4; see also Doc. 37 at 5 (requesting the appointment of counsel)]. He argues that the appointment of counsel is warranted by exceptional circumstances, and he asks the Court to appoint counsel other than PLS because his dispute with Pollard has created a conflict of interest. [Id. at 4]. The Plaintiff's Motion is construed as seeking the appointment of counsel, and it is denied for the reasons previously discussed. [See Docs. 13, 28].

Finally, the Plaintiff has filed a Motion for Default Judgment against Defendant Nathan Stockton. [Doc. 38]. The Complaint and amended Complaint passed initial review against Nathan Stockton and he was served on May 13, 2022. [Docs. 13, 18, 31]. He moved for an extension of time to file an Answer, which was granted until July 5, 2022. [See June 27, 2022 text-only Order]. However, the Plaintiff filed the Third Amended Complaint before the time to answer expired, and the Plaintiff failed to include Stockton in the caption or assert any claims against him. See Section A, *supra*. Accordingly, Stockton was terminated as a Defendant.

Because no claim is presently pending against Defendant Stockton, the Motion for Default Judgment is denied.

## IV. CONCLUSION

In sum, the Third Amended Complaint has passed initial review against Defendant Buchanan and the John Doe restrictive housing officer for retaliation. The remaining claims are dismissed for the reasons discussed in this Order, and the Plaintiff's Motions are denied.

In light of the Court's determination that Third Amended Complaint passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Buchanan and the John Doe restrictive housing officer, who are alleged to be current or former employees of NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Third Amended Complaint [Doc. 37] has passed initial review against Defendant Buchanan and the John Doe restrictive housing officer for retaliation.

(2) The remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

(3) The Motions for Temporary Restraining Order [Docs. 32, 36] are **DENIED**.

(4) The Plaintiff's "Motion for Continuance, Stay, Representation, or alternative the Court Deems Appropriate in the Interest of Justice" [Doc. 33] is construed as a Motion for the Appointment of Counsel and is **DENIED**.

(5) The Plaintiff's Motion for Default Judgment [Doc. 38] is **DENIED**.

(6) The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Buchanan and the John Doe restrictive housing officer, who are alleged to be current or former employees of NCDPS.

The Clerk is respectfully instructed to mail a copy of this Order and the docket sheet to the Plaintiff at his address of record at the Pender County Jail, as well as to his attention at the Spartanburg County Jail, 950 California Ave., Spartanburg, SC 29303.

**IT IS SO ORDERED**.

Signed: September 6, 2022

Martin Reidinger
Chief United States District Judge