# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00062-MR

| | |
|---|---|
| MATTHEW BUDNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FNU HONEYCUTT, et al., | )    <u>ORDER</u> |
| | ) |
| Defendants. | ) |
| _____ | ) |

**THIS MATTER** is before the Court *sua sponte*.

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. §
1983 addressing incidents that allegedly occurred at the Avery-Mitchell
Correctional Institution.  The Plaintiff was notified upon commencing this
action that it is his "responsibility to keep the Court advised of his … current
address at all times" and that the failure to do so may result in this action's
dismissal for lack of prosecution.  [Doc. 3 at 2].

On August 12, 2022, the Plaintiff filed a "Change of Address
Notification" indicating that he expected to be transferred from the Pender
County Jail ("PCJ") to the Spartanburg County Jail ("SCJ") in Spartanburg,
South Carolina, in the near future.  [Doc. 41].  On September 1, 2022, mail
addressed to the Plaintiff at the PCJ was returned as undeliverable.  [Doc.

45 (envelope stamped "Return to Sender – No Longer at the Facility" and "Return to Sender – Refused – Unable to Forward")]. Telephonic inquiry to PCJ indicated that the Plaintiff was transferred to SCJ on August 18, 2022. [See Sept. 8, 2022 Staff Note]. On September 6, 2022, mail addressed to the Plaintiff at SJC was returned as undeliverable. [Doc. 46 (envelope stamped "Return to Sender – Not Deliverable as Addressed – Unable to Forward," with a handwritten note "not here")]. Telephonic inquiry to SCJ revealed that the Plaintiff was released on bond on August 24, 2022, and SCJ provided the Court with a forwarding address. [See Sept. 8, 2022 Staff Note].

On September 27, 2022, the Court ordered the Plaintiff to update his address of record and inform the Court whether he intends to proceed with this action, within 10 days. [Doc. 49]. The Plaintiff was cautioned that "[f]ailure to comply with this Order will result in dismissal of this action without prejudice and this case's closure without further notice." [Id. at 2]. The Order was mailed to the Plaintiff at the SCJ as well as to the forwarding address provided by SCJ. The envelope addressed to SCJ was returned with a notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward." [Doc. 51]. The Plaintiff has failed to respond to the September 27 Order, and the time to do so has expired.

The Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will, therefore, be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge