IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00062-MR

| | |
|---|---|
| MATTHEM BUDNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONNIE LANE HUNEYCUTT, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion to Review Case in the Interest of Justice" [Doc. 57].

The incarcerated pro se Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 in March 2021.[1] [Doc. 1]. The Plaintiff was cautioned at the commencement of this action that he must keep the Court informed of his current address at all times, and that the failure to do so may result in this case's dismissal. [See Doc. 3 at 2 (Order of Instructions)]. The Plaintiff complied by filing Notices of Change of Address on multiple occasions until August 22, 2022. [See, e.g., Docs. 5, 12, 25, 39, 41 (March 12, 2021, May 17, 2021, April 27, 2022, July 22, 2022, Aug. 22, 2022 Notices of Change of

---

[1] The Plaintiff is presently incarcerated at the Kershaw Correctional Institution in Kershaw, South Carolina.

Address)]. The Plaintiff also made repeated requests for the appointment of counsel, which were denied. [Docs. 13, 28, 42].

After several rounds of amendment and initial review, the Third Amended Complaint passed initial review against two Avery-Mitchell CI Defendants for retaliation on September 6, 2022. [Docs. 37, 42]. Mail that the Court sent to the Plaintiff at his address of record was returned as undeliverable, and telephonic inquiry to his last institution indicated that he had been released on bond on August 24, 2022. [See Sept. 8, 2022 Staff Note]. On September 27, 2022, the Court ordered the Plaintiff to notify the Court of his correct address within 10 days. [Doc. 49]. The Plaintiff was cautioned that "[f]ailure to comply … will result in dismissal of this action without prejudice and this case's closure without further notice." [Id. at 2]. The Clerk mailed copies of the September 27, 2022 Order to the Plaintiff at his address of record as well as to the most recent forwarding address that it was able to locate for him. [Id.]. The mail addressed to the Plaintiff's address of record was returned as undeliverable, but the mail sent to his forwarding address was not returned. [See Doc. 51]. The Plaintiff failed to update his record in accordance with the Court's Order and, on October 28, 2022, the Court dismissed the action without prejudice for lack of

2

prosecution. [Doc. 52]. On June 7, 2023,[2] the Plaintiff filed a Letter requesting an update on the status of the case. At that time, the Plaintiff was incarcerated at the Laurens County Detention Center in Laurens, South Carolina. [Docs. 55, 55-1; see also Doc. 56 (Sept. 29, 2023 "Request for Review" mailed from the Kirkland Correctional Institution in Columbia South Carolina)].

In the instant "Motion to Review" dated October 9, 2023, the Plaintiff appears to ask the Court to reopen the case and to appoint counsel to assist him.[3] [Doc. 57; see Doc. 57-1 (Affidavit)]. The Plaintiff states that he experienced 13 jail and prison transfers in North Carolina and South Carolina while he was trying to litigate this case; that prison officials were deliberately indifferent to his serious medical needs by failing to treat his syphilis infection over the course of several years, which left him disabled (legal blindness, neurological and cognitive impairment, and ulcerative colitis); that he finally received treatment for "nuro-ocular-syphilis [sic]" on July 20, 2023; that his medical condition and transfers rendered him unable to litigate this case; and that his repeated requests for legal assistance in this case were denied. [Id.

---

[2] The Letter contains an apparent error in that it is dated "June 1, 2022."

[3] The Plaintiff notes that he has a pending lawsuit in the United States District Court for the District of South Carolina, Case No. 6:23-cv-03514-JD-KFM, addressing his efforts to obtain proper diagnosis and medical treatment for syphilis while incarcerated. [Doc. 57 at 2].

3

at 1-2]. He asks the Court to review his case "to preserve due process and equal protection" under the Fourteenth Amendment and the Americans With Disabilities Act. [Id. at 2].

Because the Plaintiff seeks to reopen this case more than 28 days after the Judgment was entered, it will be considered under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To prevail under Rule 60(b), a party must party must make a threshold showing of (1) timeliness, (2) meritorious claim, (3) a lack of unfair prejudice

to the opposing party, and (4) exceptional circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.).

Here, the Plaintiff appears to seek relief under Rule 60(b)(1) or (6). A claim of "excusable neglect" pursuant to Rule 60(b)(1) requires "an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission, including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Justus v. Clarke, 78 F.4th 97 (4th Cir. 2023) (internal quotations and citations omitted). A movant seeking relief under the catch-all provision of Rule 60(b)(6) must show that there are "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).

The Plaintiff has not carried the heavy burden of demonstrating that relief should be granted. The Plaintiff's legal filings in this and other cases belie the extent of his claimed struggles that resulted from his prison transfers and medical conditions. For instance, the Plaintiff filed a Letter

5

requesting the status of the instant case in early June 2023 [Doc. 55], and he signed his § 1983 complaint in South Carolina District Court on July 10, 2023 [see 6:23-cv-3514, Doc. 1 at 16], *before* he reportedly received medical treatment for his allegedly debilitating syphilis infection. He has also demonstrated his ongoing ability to litigate without the assistance of counsel in his South Carolina § 1983 action despite his claimed permanent disabilities.[4] Moreover, the Plaintiff also demonstrated his understanding and ability to change his address with the Court by doing so on several occasions until August 2022. That he stopped filing address changes at a certain point fails to demonstrate excusable neglect or the existence of extraordinary circumstances. Considering all of the relevant the circumstances and the applicable legal standards, the Court concludes that the Plaintiff has failed to satisfy either Rule 60(b)(1) or (b)(6).[5] Accordingly, the Plaintiff's Motion to reopen this action is denied.

---

[4] The South Carolina District Court recently noted that Plaintiff's claimed difficulties in litigating the case without assistance are belied by the record of his filings in that case. [See 6:23-cv-3514, Doc. 74].

[5] It is unclear whether the Plaintiff's claims would be time-barred were he to file a new civil action. Even if so, the Plaintiff has failed to demonstrate the existence of extraordinary circumstances. See generally Aikens v. Ingram, 652 F.3d 496, 503 (4th Cir. 2011) ("extraordinary circumstances do not arise due to time limitations that otherwise apply, and a plaintiff cannot use Rule 60(b)(6) to evade such time limitations") (internal quotations and citations omitted).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Review Case in the Interest of Justice" [Doc. 57] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 11, 2024

Martin Reidinger
Chief United States District Judge